# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAKENNA BENNETT,<br><br>    Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company, et al.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Case No. 2:17-cv-00665-RJS<br><br>Judge Robert J. Shelby |

  Defendant FCA US LLC (FCA) filed a Motion to Transfer Venue and Motion to Stay Discovery.[1] FCA asks the court to transfer this case to the Southern District of New York for referral to the Bankruptcy Court and to stay discovery pending transfer. Plaintiff Makenna Bennett requests the court deny the Motion to Transfer, or, in the alternative, transfer only two of the asserted claims. For the reasons stated below, the court grants the Motion to Transfer, but declines to impose a stay.

## BACKGROUND

  This case arises from a car crash involving a 2004 Dodge Durango. Bennett, a passenger in the Durango, suffered multiple injuries in the crash. Bennett filed a Complaint against FCA, which had purchased assets from the Durango's manufacturer as part of a transaction overseen by the Bankruptcy Court for the Southern District of New York. Bennett asserts claims for strict

---

[1] Dkt. 21.

liability, negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

FCA moves the court to transfer the case to the Southern District of New York for referral to the Bankruptcy Court, asserting that Bennett's allegations against FCA require interpreting the Bankruptcy Court's orders, over which the Bankruptcy Court retained jurisdiction. FCA also seeks to stay discovery if the case is transferred.

**LEGAL STANDARD**

A district court may transfer a case relating to bankruptcy to a different venue "in the interest of justice or for the convenience of the parties."[2]

**ANALYSIS**

FCA moves for a transfer to the Southern District of New York for referral to the Bankruptcy Court and for a stay of discovery while the claims are pending in that court. Bennett argues against the transfer or, alternatively, that the court should sever the action and transfer only the negligence and failure to warn claims. The court will first address whether transfer is appropriate and then turn to the arguments for severance and for a stay.

For cases related to bankruptcy proceedings, venue may be proper in either the district court or the bankruptcy court in which the original bankruptcy proceeding was filed.[3] A case is related to the bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[4] That is, if a case filed in a district court "could

---

[2] 28 U.S.C. § 1412.
[3] 28 U.S.C. §§ 1334(b), 1412.
[4] *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (citation omitted).

2

alter the debtor's rights, liabilities, options, or freedom of action in any way," venue in the bankruptcy court may be proper.[5]

FCA argues that this matter is related to the bankruptcy case because the availability and success of Bennett's claims depend on an interpretation of the Bankruptcy Orders. Bennett argues that her Complaint seeks compensation from FCA, not the bankruptcy estate, which has mostly already been administered.

The court concludes that Bennett's claims are related to the bankruptcy proceeding because the bankruptcy case is ongoing as long as a court must interpret the Bankruptcy Orders. The Bankruptcy Court retained jurisdiction "to interpret, implement and enforce the terms and provisions of this Sale Order."[6] To the extent FCA has any liability for negligence and failure to warn, it is only through the assumption of liabilities under the Bankruptcy Orders.

Because this case is related to the bankruptcy proceeding, the court must look to whether transferring venue would be "in the interest of justice or for the convenience of the parties."[7] "One of the most important considerations in transferring the venue of a bankruptcy case is whether the transfer will promote the efficient and economic administration of the estate."[8] Various courts have also applied a presumption that "the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction."[9]

FCA argues that the interest of justice is best served by having the bankruptcy court interpret its own Orders because it promotes judicial economy.[10] Bennett argues that transferring

---

[5] *Id.*
[6] Dkt. 21, Ex. B at 49.
[7] 28 U.S.C. § 1412.
[8] *In re Ret. Inn at Forest Lane, Ltd.*, 83 B.R. 795, 800 (D. Utah 1988).
[9] *In re B & L Oil Co.*, 834 F.2d 156, 159 n.8 (10th Cir. 1987).
[10] Dkt. 21 at 13.

venue would hinder judicial efficiency because the case is already proceeding in this court. Additionally, Bennett argues that the Bankruptcy Orders are clear enough for this court to interpret them without risk of inconsistent rulings from other courts.

The court concludes transfer is appropriate because the Bankruptcy Court is in the best position to interpret its own orders. Additionally, the court finds that severance of claims and a stay of discovery is unwarranted. Judicial efficiency will not be hampered by the transfer because the Southern District of New York is in just as good a position as this court to decide issues related to discovery and Bennett's pending Motion for Partial Summary Judgment.

Thus, FCA's Motion is GRANTED as to the transfer of venue and DENIED as to the Motion to Stay.[11] The Clerk of Court is directed to transfer the case to the United States District Court for the Southern District of New York.

**SO ORDERED** this 7th day of February, 2018.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[11] Dkt. 21.